# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1859

_____

| | | |
|---|---|---|
| Larry Poitra, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Nebraska. |
| United States of America; | * | |
| Industrial Builders, Inc. | * | [UNPUBLISHED] |
| a North Dakota Corporation, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  November 12, 2001

Filed:  December 14, 2001

_____

Before BYE, RICHARD S. ARNOLD, and BEAM, Circuit Judges.

_____

PER CURIAM.

Larry Poitra appeals from the district court's[1] grant of summary judgment in favor of the United States based on the discretionary function exception to the Federal Tort Claims Act.  See 28 U.S.C. §§ 2671 et seq.

_____

[1]The Honorable Joseph Bataillon, United States District Judge for the District of Nebraska.

In 1993, the United States Army Corps of Engineers (Corps) hired Industrial Builders, Inc. (IBI), a general contractor, to work on a bridge construction project in Sidney, Nebraska. Poitra, an employee of IBI, was injured during the course of this project, and brought this personal injury action against the United States, alleging that the Corps maintained control over IBI and directly supervised the work that caused his injuries. The Corps had one on-site representative for the project whose job was to ensure that IBI was complying with the construction contract for the benefit of the United States.

The district court determined that the duties of this on-site Corps representative were discretionary in nature because the contract (which incorporated federal acquisition regulations) between IBI and the Corps did not specify a particular course of conduct or set forth detailed job duties for the representative to follow. Further, the exercise of discretion by the on-site representative was grounded in economic and public policy considerations properly applied by the Corps. See, e.g., Dykstra v. United States Bureau of Prisons, 140 F.3d 791, 795 (8th Cir. 1998) (two-part test to determine applicability of discretionary function exception). Accordingly, the district court granted the United States' motion for summary judgment based on the discretionary function exception.[2] We have reviewed the record and agree with the well-reasoned decision of the district court that the discretionary function exception applies in this case. We therefore affirm the result. See 8th Cir. R. 47B.

---

[2]In an Order entered February 14, 2001, the district court dismissed any remaining claims against IBI because they were derivative. This ruling is unchallenged on appeal.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.